1
2
3
4
5
6
7            **UNITED STATES DISTRICT COURT**
8                **DISTRICT OF NEVADA**
9
10   JAMES CROSS,
11          Petitioner,                          3:08-cv-00403-LRH-VPC
12                                                ORDER
     vs.
13
14   JAMES BENEDETTI, *et al.*,
15          Respondents.
16
17          This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review under Rule
18   4 of the Rules Governing Section 2254 Cases.  Following upon said review, the Court *sua sponte* raises
19   the question of whether the petition is time-barred because the original petition in this matter was not
20   filed within the one-year limitation period established in 28 U.S.C. § 2244(d)(1).  Petitioner therefore
21   will be directed to show cause in writing why the petition should not be dismissed with prejudice as
22   time-barred.
23                                *Background*
24          Petitioner James Cross was convicted, pursuant to a jury verdict, of first degree murder with the
25   use of a deadly weapon, attempted murder with the use of a deadly weapon, and failure to stop as
26   required on signal of a police officer.
27          The judgment of conviction was filed on July 15, 1998.  The Supreme Court of Nevada affirmed
28   in an order filed on August 11, 2000.  #13, Exhs. 1 & 5.

1    Petitioner did not file a petition for a writ of *certiorari* with the United States Supreme Court

2 seeking review of the Nevada Supreme Court's August 11, 2000, order. The time for seeking *certiorari*

3 expired on November 9, 2000.

4    On or about November 2, 2000, before the time for seeking *certiorari* had expired, petitioner

5 filed a state post-conviction petition. The petition, as amended, ultimately was denied by the state

6 district court, and the Supreme Court of Nevada affirmed on December 21, 2005. The remittitur issued

7 on January 17, 2006. #13, Exhs. 7, 21 & 22.

8    Petitioner filed an earlier federal petition in No. 2:06-cv-01297-JCM-RJJ. Although the petition

9 in that matter stated that it was mailed on September 1, 2006, the petition was not received by the Clerk

10 for filing until over a month-and-a-half later, on October 16, 2006. Neither a filing fee nor an

11 application to proceed *in forma pauperis* was received with the petition. The Court ordered the

12 petitioner to either pay the filing fee or file a pauper application. Petitioner thereafter filed an

13 application to proceed *in forma pauperis*, but the financial certificate and inmate account statement

14 showed that petitioner had sufficient funds to pay the $5.00 filing fee. The Court accordingly denied

15 the application and gave the petitioner thirty days to pay the filing fee. Petitioner failed to pay the filing

16 fee, however, and the prior petition therefore was dismissed for failure to pay the filing fee. Judgment

17 was entered on February 15, 2007. No appeal was taken from the dismissal.

18    Petitioner mailed the original federal petition in this matter to the Clerk for filing on or about

19 July 22, 2008, more than two years and six months after the issuance of the remittitur.

20                                    ***Discussion***

21    Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* raises the

22 question of whether the petition is time-barred for failure to file the July 22, 2008, original petition in

23 this matter within the one-year limitation period established in 28 U.S.C. § 2244(d)(1).

24    Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled,

25 begins running after "the date on which the judgment became final by the conclusion of direct review

26 or the expiration of the time for seeking such direct review." The limitation period, unless otherwise

27 tolled, therefore would begin running in this case after the ninety day time period expired for filing a

28 petition for *certiorari* in the United States Supreme Court, *i.e.,* on November 9, 2000.

1   However, under 28 U.S.C. § 2244(d)(2), the federal one-year limitation period is statutorily

2   tolled during the pendency of a properly filed application for state post-conviction relief.  Petitioner's

3   November 2, 2000, state petition therefore statutorily tolled the federal limitation period – without any

4   time elapsing – continuously through the issuance of the remittitur on January 17, 2006.

5   The federal limitation period therefore began running following the January 17, 2006, issuance

6   of the remittitur.  Unless otherwise tolled, the federal limitation period would expire one year later, on

7   January 17, 2007.

8   The filing of the first federal petition in No. 2:06-cv-01297-JCM-RJJ did not statutorily toll the

9   running of the federal one-year limitation period as to a later petition, such as the present petition.  *See*

10   *Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

11   The original petition in this matter was not mailed for filing until July 22, 2008, more than one

12   year and six months after the federal limitation period, unless tolled, had expired.

13   Thus, on the face of the record, the petition in this matter is subject to dismissal as time-barred

14   under Section 2244(d)(1).

15   In this regard, petitioner is informed that the one-year limitation period may be equitably tolled.

16   Equitable tolling is appropriate only if the petitioner can show "'(1) that he has been pursuing his rights

17   diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."

18   *Lawrence v. Florida*, ___ U.S.___, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (*quoting Pace v.*

19   *DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005).  Equitable tolling is

20   "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold

21   necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v.*

22   *Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010

23   (7th Cir.2000)).  The petitioner ultimately has the burden of proof on this "extraordinary exclusion."

24   292 F.3d at 1065.  He accordingly must demonstrate a causal relationship between the extraordinary

25   circumstance and the lateness of his filing.  *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

26   *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

27   Petitioner further is informed that, under certain circumstances, the one-year limitation period

28   may begin running on a later date.  See 28 U.S.C. § 2244(d)(1)(B), (C) & (D).

1    IT THEREFORE IS ORDERED that, within thirty (30) days of entry of this order, petitioner

2    shall SHOW CAUSE in writing why the petition, as amended, should not be dismissed with prejudice

3    as time-barred.  If petitioner does not timely respond to this order, the petition will be dismissed with

4    prejudice as time-barred.  If petitioner responds to this order but fails to come forward with specific

5    facts demonstrating that the petition should not be time-barred, the petition will be dismissed with

6    prejudice.  All assertions of fact must be supported by competent evidence.  Any assertions of fact not

7    made on personal knowledge pursuant to a declaration under penalty of perjury will not be considered.

8    DATED this 17th day of February, 2009.

9

10

11    _____

12    LARRY R. HICKS
      UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-