# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES CROSS,

    *Petitioner*,

vs.

JAMES BENEDETTI, *et al.*,

    *Respondents.*

3:08-cv-00403-LRH-VPC

ORDER

    This closed habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#27) to reopen. The motion was filed after the expiration of the time for seeking relief under Rule 59 and therefore necessarily arises under Rule 60 of the Federal Rules of Civil Procedure.

### *Background*

    Petitioner James Cross was convicted, pursuant to a jury verdict, of first degree murder with the use of a deadly weapon, attempted murder with the use of a deadly weapon, and failure to stop as required on signal of a police officer. Petitioner's judgment of conviction was filed on July 15, 1998, and, absent other tolling or delayed accrual, the federal limitation period expired in this case on January 17, 2007.[1]

    Cross filed a prior federal petition in No. 2:06-cv-01297-JCM-RJJ. That action ultimately was dismissed without prejudice because petitioner failed to pay the filing fee. Final judgment was entered on February 15, 2007. No appeal was taken from the dismissal.[2]

    Cross mailed the petition in this matter for filing on July 22, 2008, more than one year and six months

---

[1] See #16, at 1-2 & 3-4 (discussion of relevant procedural history and application of federal limitation period.).

[2] See id., at 2 & 4-6 (discussion of procedural history in prior action).

after the federal limitation period, absent additional tolling, had expired.

Following a show-cause order and response thereto, the Court dismissed this action with prejudice as untimely. Final judgment was entered on April 2, 2009. The Court of Appeals denied a certificate of appealability. The United States Supreme Court denied a petition for a writ of *certiorari* on October 4, 2010.

Cross mailed the present motion for filing on or about July 26, 2012, more than three yeas after entry of final judgment herein.

### *Discussion*

Petitioner has not expressly invoked any specific provision of Rule 60 authorizing relief from the April 2, 2009, final judgment herein. Relief no longer is available under subparagraphs (b)(1) through (b)(3) of the rule because petitioner did not seek such relief within one year of entry of the judgment. Fed.R.Civ. Pro. 60(c)(1).

Petitioner seeks to reopen the matter based upon the recent intervening decisions in *Maples v. Thomas*, 132 S.Ct. 912 (2012), and *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).

Rule 60(b)(6) sets forth a catch-all provision allowing for relief from judgment for "any other reason that justifies relief" under the governing jurisprudence. An intervening change in the law may establish, depending upon the circumstances of the case, a basis for post-judgment relief under Rule 60(b)(6). *See, e.g., Phelps v. Alameida*, 569 F.3d 1120, 1131-34 (9th Cir. 2009). There is no *per se* rule, however, one way or the other; and the issue turns on a case-by-case inquiry. *See id.* A number of factors potentially may be involved on such an inquiry, but there is no rigid and exhaustive list of factors that must be mechanically applied inexorably in each and every case. *Id.*, at 1135 & 1140. Factors discussed previously in the jurisprudence instead serve merely as a guide. *Id.*

In the present case, the Court will assume, *arguendo*, first, that petitioner has sought relief – on this basis – within a reasonable time for purposes of timeliness of the motion under Rule 60(c)(1).[3]

The Court further will assume, *arguendo*, second, that, *if* the intervening decisions otherwise would have led to a different outcome when the timeliness issue was considered previously, the factors otherwise

---

[3] *Maples* was decided on January 18, 2012; *Martinez* was decided on March 20, 2012; and the motion was mailed for filing on or about July 26, 2012.

generally considered as a guide, on balance, would weigh in favor of reopening the matter to apply the intervening decisions.[4]

At bottom, however, the salient point on the present motion is that, in contrast to prior decisions granting post-judgment relief on the basis of intervening decisions, the intervening *Maples* and *Martinez* decisions would not have rendered the untimely second federal petition timely. *Cf. Phelps*, 569 F.3d at 1131 & 1132 (the change in the law would have changed the outcome both in *Phelps* and in the cited Supreme Court decision). That is, this Court would have reached the same conclusion on the record presented in this case even if *Maples* and *Martinez* had been on the books and had been relied upon by petitioner at the time of the April 2, 2009, dismissal of this case.

In *Maples*, the Supreme Court held that cause existed for the procedural default of the capital defendant's claims in the state courts. The Court held that cause existed because petitioner's large-firm *pro bono* state post-conviction counsel abandoned him by failing to provide notice of their change of address after leaving the firm, resulting in his failure to timely appeal the denial of his state post-conviction petition.

In *Martinez*, the Supreme Court held that the absence or inadequate assistance of counsel in initial-review state collateral proceedings may establish cause for a petitioner's procedural default of a claim of ineffective assistance of trial counsel.

Neither *Maples* nor *Martinez* undercuts the Court's decision dismissing the present petition as untimely.

In this case, Cross sought to overcome the untimeliness of this second petition by arguing that the Court improperly dismissed his timely first petition for failure to pay the filing fee, which dismissal he had not appealed. Despite the clear directive of the Court in the show-cause order, petitioner did not support his factual arguments in the show-cause response with either a declaration under penalty of perjury or other competent evidence. The Court's point-by-point examination of petitioner's unsupported factual assertions demonstrated that petitioner's unsupported assertions either were belied by the prior record or did not

---

[4] The Court notes, however, that petitioner did not appeal the dismissal of his first timely federal petition and further that the present motion is filed more than three years after entry of judgment dismissing his untimely second petition and almost two years after the denial of *certiorari* review.

undermine the basis for the prior dismissal.[5]

Alleged "abandonment by counsel" as in *Maples* has nothing to do with the untimeliness of the present federal petition. Petitioner was proceeding *pro se* at all times on both federal petitions. He filed the first timely federal petition *pro se*, and he filed a pauper application in response to the Court's order. He thereafter failed to timely pay the filing fee after his pauper application was denied, and he did not appeal the subsequent dismissal of the petition for nonpayment of the filing fee.[6] Absolutely no situation was presented where the *pro se* petitioner instead was relying on appointed counsel to pursue the federal petitions only to be abandoned by counsel without any advance notice to him. This is especially true with regard to the circumstances that led to the dismissal of the first federal petition. It was petitioner, then clearly proceeding *pro se*, not any appointed counsel, who failed to timely pay the filing fee, resulting in the dismissal of the timely first petition.

*Martinez* similarly has no application to this case. *Martinez* held only that the absence or ineffective assistance of counsel in "initial-review state collateral proceedings" can constitute cause for the procedural default of a claim of ineffective assistance of trial counsel. Neither the first nor the second federal petition constituted initial-review state collateral proceedings.[7]

In the show-cause response prior to the dismissal, petitioner urged that his untimely filing should be excused because neither the state court nor this Court in the prior federal proceeding appointed counsel for him and he is not experienced in the law. The Court rejected this argument on the basis that it is well-established law both that petitioner has no Sixth Amendment right to counsel in either the state or federal post-conviction proceedings and that his lay status does not constitute a basis for equitable tolling of the federal

---

[5] #16, at 4-7.

[6] *Id.*, at 2.

[7] The phrase "initial-review state collateral proceedings" has a quite distinct and precise meaning in *Martinez*. The Supreme Court had held earlier in *Coleman v. Thompson*, 501 U.S. 722 (1991), that inadequate assistance of counsel on a state post-conviction appeal did not constitute cause for a procedural default. The *Martinez* Court held, *inter alia*, that the rule of *Coleman* governs in all but the limited circumstances recognized here," *i.e.*, initial-review state collateral proceedings. *Martinez* thus does not hold that the absence or inadequacy of counsel subsequent to the post-conviction proceedings in the state district court provides a basis to overcome any procedural bar. *Martinez* instead reaffirms that the rule of *Coleman* continues to apply in proceedings after that initial-review state district court proceeding. Under *Coleman,* the alleged inadequacy of counsel does not overcome a procedural default. *See Martinez*, 132 S.Ct. at 1316 & 1320.

limitation period. *See,e.g.,Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

On the present motion, Cross in essence argues that the intervening decisions in *Maples* and *Martinez* overrule the foregoing statements of the law and instead require that counsel should have been appointed on his first federal petition. However, the Supreme Court expressly eschewed making a holding that a freestanding right to counsel existed in state post-conviction proceedings. *See Martinez*, 132 S.Ct. at 1319. And the Court clearly made no holding that appointment of counsel was required in all federal habeas proceedings. Nor did the Supreme Court make any pronouncement in either case overriding established law that a petitioner's lay status, in and of itself, does not constitute a basis for equitable tolling of the federal limitation period.[8]

Neither *Maples* nor *Martinez* undercut the basis for the prior dismissal, and petitioner's motion to reopen thus clearly is without merit.[9]

IT THEREFORE IS ORDERED that petitioner's motion (#27) to reopen is DENIED.

IT FURTHER IS ORDERED that petitioner's application (#28) to proceed *in forma pauperis* is DENIED as unnecessary given that the filing fee has been paid.

IT FURTHER IS ORDERED that petitioner's motion (#29) for appointment of counsel is DENIED, as the interests of justice do not require the appointment of counsel in this long-closed case to pursue a motion to reopen that clearly lacks merit.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED. Jurists of reason would not find the district court's denial of petitioner's Rule 60 motion to reopen to be debatable or incorrect.

---

[8] See also n. 7, *supra.* The Court notes in passing that payment of the filing fee by the *pro se* petitioner is a step that ordinarily occurs prior to appointment of counsel. An *arguendo* requirement that habeas counsel be appointed for financially eligible petitioners in all cases would not have avoided the dismissal of petitioner's first petition. He first would have had to pay the filing fee after his pauper application showed that he had sufficient funds to do so before any counsel would have been appointed.

[9] Petitioner's conclusory references to being unrepresented, being inadequately represented, and/or being abandoned by counsel in the state court proceedings are irrelevant to the basis upon which the petition was dismissed. (Cross was represented on direct appeal, and he pursued his state post-conviction petition in proper person.) Regardless of what happened or failed to happen in the state courts, Cross filed a first federal petition timely. The first federal petition was dismissed not due to any absence or inadequacy of counsel in the state court proceedings but instead due to petitioner's own failure to timely pay the filing fee on his first federal petition after timely filing the petition.

1  Petitioner's first timely-filed federal petition was dismissed without prejudice after he failed to pay the filing fee.
2  Petitioner failed to demonstrate a viable basis for equitable tolling with regard to the untimely filing of the
3  second federal petition in this case based upon an argument that the first petition was improperly dismissed.
4  The intervening decisions in *Maples* and *Martinez* do not undercut the basis for the dismissal of either petition.
5  Neither decision makes a holding applicable to this case. Nor does either decision override established law
6  that there is no constitutional right to appointment of counsel on federal habeas review and that lay status in
7  and of itself does not constitute a basis for equitable tolling.

DATED this 6th day of August, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE